# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS K. ROTROFF,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JIM ROBINSON, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:06-CV-01419-LJO DLB PC<br><br>ORDER RE PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. 32)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(Doc. 33)<br><br>ORDER EXTENDING DISCOVERY DEADLINE SUA SPONTE, AS LIMITED BY THIS ORDER<br><br>(Doc. 24) |

**Order**

**A.　Procedural History**

　　Plaintiff Denis K. Rotroff ("plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed July 30, 2007, against defendants Jim Robinson, Ben McClain, G. Dieke, Chuck Rabaut, Rogers, and Mendoza.

　　On February 12, 2008, the court issued a discovery and scheduling order, under which the deadline for the completion of all discovery, including filing motions to compel, was October 20, 2008. (Doc. 24.)

　　On June 18, 2008, plaintiff filed a motion to compel further responses to defendant

1

1 Mendoza's interrogatories and for sanctions. (Doc. 32). On July 10, 2008, plaintiff filed a further
2 motion for sanctions. (Doc. 33). Defendants did not file an opposition to either motion. These
3 motions are deemed submitted.

4 **B.     Plaintiff's Motion to Compel and for Sanctions, Filed on June 18, 2008**

5 In his motion to compel, plaintiff objects to defendant Mendoza's answers to interrogatories
6 because they are not signed under penalty of perjury and are signed by defendant's counsel and not
7 by defendant Mendoza. Plaintiff is correct that the answers must be signed under oath by the
8 answering party. F.R.C.P. 33(b)(3), (5). Accordingly, within fifteen (15) days of service of this
9 order, defendant Mendoza shall re-serve on plaintiff her/his Response to Plaintiff's First Set of
10 Interrogatories to Sergeant Mendoza, signed by defendant under oath.

11 Plaintiff is also correct in his assertion that the answering part is to re-type the interrogatories
12 along with the answers and/or objections. Local Rule 33-250. However, defendant's failure to do
13 so does not appear to have caused plaintiff any harm or prejudice. Sanctions against defendant or
14 her counsel for this error is unwarranted.

15 Turning now to the actual responses to the interrogatories, plaintiff contends that defendant
16 Mendoza's responses are evasive and are an attempt to obstruct plaintiff's access to the relevant
17 facts. To the extent that plaintiff is seeking further responses to the interrogatories propounded,
18 plaintiff is advised that a motion to compel must be accompanied by a copy of plaintiff's discovery
19 requests at issue and a copy of defendant's responses to the discovery requests, which plaintiff has
20 only partially provided.[1] Further, as the moving party, plaintiff bears the burden of informing the
21 court of which interrogatories are the subject of his motion to compel and, for <u>each disputed
22 response, why defendant's objection is not justified</u>. Plaintiff may not simply assert that he is
23 dissatisfied with the responses and then file a motion for a court order compelling further responses
24 and sanctions. The court shall deny plaintiff's motion for further responses on the ground that the
25 request is procedurally deficient. The denial will be without prejudice to curing the deficiencies and
26 re-filing the motion, within thirty days.

27

28    [1] Defendant's Answers to Interrogatories, submitted by plaintiff in support of his motion to compel, is missing pages 3 and 6.

Plaintiff appears to be under the perception that if information is relevant and he asks for them, defendant must respond no matter what, and that by objecting, defendant failed to act in good faith. That is not necessarily the case. Plaintiff propounded discovery requests and defendant responded. Defendant is entitled to object to requests s/he finds objectionable. It is then up to plaintiff to seek intervention by the court, which will review defendant's objections and determine whether or not they are justified. As was previously explained, the moving party, plaintiff, must inform the court of which discovery requests are subject to the motion to compel, and for each disputed response, why defendant's objection is not justified. Plaintiff must also provide a complete copy of the interrogatories at issue and the responses to those interrogatories.

Finally, plaintiff seeks monetary sanctions or an order precluding defendants from filing a motion for summary judgment. While defendant has committed errors in responding to plaintiff's interrogatories, the court does not find any willfulness, fault or bad faith on the part of defendant or counsel. Therefore, plaintiff's request for sanctions shall be denied.

**C.     Plaintiff's Motion for Sanctions Filed on July 10, 2008**

On July 10, 2008, plaintiff filed a motion for sanctions against defendants and defendants' counsel for failing to co-operate in discovery. (Doc. 33.)

In his motion, plaintiff contends that defendant Sharon Rogers has not responded to plaintiff's request for admissions, but rather defendant's counsel has answered on defendant's behalf. Plaintiff also alleges an ongoing attempt by defendants to obstruct the discovery process, and cites to his motion to compel. Plaintiff seeks unspecified sanctions against defendants and defendants' counsel.

With respect to his allegations concerning defendant Rogers, plaintiff has provided the Court with a copy of "Defendants' Response to Plaintiff's First Request for Admissions to Defendant Sharon Rogers". (Doc. 33, Exh. A). The document identifies Lieutenant Sharon Rogers as the responding party, and there is nothing to suggest otherwise. Either the party of the party's attorney may sign a response to a request for admissions, and there is no requirement that the response be verified. F.R.C.P. 36(a)(3). Defendant Rogers is not required to personally sign the response because her attorney has signed the response. Further, defendant Rogers is entitled to the assistance

of her counsel in preparing her responses.

Additionally, the Court has already addressed plaintiff' request for sanctions relating to his motion to compel, filed June 18, 2008, and for the reasons articulated above, does not find sanctions to be warranted. Certainly, if defendants fail to comply with this Court's order, plaintiff may file a motion for sanctions at that time.

Plaintiff's renewed motion for sanctions, filed July 10, 2008, is denied.

**D.     Conclusion**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed June 18, 2008, is RESOLVED as follows:

   a. Within **fifteen (15) days** from the date of service of this order, defendant Mendoza shall re-serve on plaintiff her/his Response to Plaintiff's First Set of Interrogatories to Sergeant Mendoza, signed by defendant under oath;

   b. Plaintiff's request for an order compelling further responses from defendant Mendoza to plaintiff's interrogatories is denied without prejudice on the grounds that it is procedurally deficient;

   c. Within **thirty (30) days** from the date of service of this order, plaintiff may re-file his motion to compel curing the deficiencies identified by the Court in this order. The discovery deadline shall be extended, contingent upon plaintiff re-filing his motion to compel, and limited to the discovery at issue in the motion and any discovery necessitated by resolution of plaintiff's motion to compel;[2]

   d. Plaintiff's request for sanctions is DENIED; and

2. Plaintiff's motion for sanctions, filed July 10, 2008 is DENIED.

IT IS SO ORDERED.

Dated:   **November 15, 2008**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] If plaintiff re-files his motion to compel, the court will set the new discovery deadline upon resolution of plaintiff's motion to compel, should any further discovery be necessary.