# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS K. ROTROFF, | CASE NO. 1:06-CV-1419-LJO DLB-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION BE GRANTED IN PART AND DISREGARDED IN PART |
| v. | |
| JIM ROBINSON, et al., | |
| Defendants. | (Doc. 35) |
| | OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

**Findings and Recommendations on Motion for Summary Judgment**

### I.     Procedural History

Plaintiff Denis K. Rotroff ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's First Amended Complaint ("FAC") filed July 30, 2007, against defendants Ben McClain, Jim Robinson, G. Dieke, Charles "Chuck" Rabaut, Sharon Rogers and Sgt. Mendoza ("Defendants") for violation of the Due Process Clause of the Fourteenth Amendment. On September 15, 2008 Defendants filed a motion for summary judgment. (Doc. 35.)  On February 19, 2009, this Court issued an order requiring Plaintiff to file a statement of opposition or non-opposition to the motion for summary judgment. (Doc. 40.)  Plaintiff timely filed an opposition on March 6, 2009. Defendants have not filed a reply and the motion is deemed submitted.

II.     **Legal Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436

(9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

///
///
///
///
///
///
///
///

### III. Undisputed Facts[1]

1. Plaintiff Denis K. Rotroff is in the custody of the California Department of Mental Health ("DMH"), pursuant to California Welfare and Institutions Code sections 6600, et seq., and is housed at Coalinga State Hospital ("CSH").

2. Plaintiff owns a personal laptop computer and has since August 2006.

3. Patients committed to CSH pursuant to Welfare and Institutions Code sections 6600, et seq. are not permitted to have access to the Internet.

4. In 2006, CSH issued an administrative directive providing for and establishing the policy for the use of personal laptop computers by patients of CSH.[2]

5. Administrative Directive No. 654 states: "[u]se of a personal computer and associated accessories and software is a privilege which is determined by the Individual's [sic] appropriate safe guarding, usage, and possession of files, disks, and other media."[3]

6. Administrative Directive No. 654 states: "[a]ll external communication capability will be disabled before delivery to the Individuals with the exception of USB, serial, and parallel ports for the use of approved external devices."

---

[1] Plaintiff neither admitted or denied the facts set forth by Defendants as undisputed nor filed a separate statement of disputed facts. Local Rule 56-260(b). Therefore, the court was left to compile the summary of undisputed facts from Defendants' statement of undisputed facts and Plaintiff's verified complaint. A verified complaint in a pro se civil rights action may constitute an opposing affidavit for purposes of the summary judgment rule, where the complaint is based on an inmate's personal knowledge of admissible evidence, and not merely on the inmate's belief. McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curium); Lew v. Kona Hospital, 754 F.2d 1420, 1423 (9th Cir. 1985); F.R.C.P. 56(e). Because Plaintiff neither submitted his own statement of disputed facts nor addressed Defendants' statement of undisputed facts, the court accepts Defendants' version of the undisputed facts where Plaintiff's verified complaint is not contradictory. The court notes for the record that Plaintiff was provided with the requirements for opposing a motion for summary judgment by the court in an order filed on September 12, 2007. (Doc. 12.) Therefore, the requirements of Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) have been satisfied.
 Plaintiff's opposition is unverified and therefore cannot be used as an opposing affidavit. Schroeder v. McDonald, 55 F.3d 454, 460 n.10 (9th Cir. 1995). (Verification satisfied by statement under penalty of perjury that contents are true and correct).

[2] Defendants do not distinguish between AD No. 654 effective July 28, 2006 and AD No. 654 effective November 9, 2006. The July directive would have been in effect in August 2006 and October 2006 when Plaintiff received his first and second laptop computers. The November directive was not in effect until after Plaintiff received his laptop computers.

[3] This language was not present in AD No. 654 effective July 28, 2006, although it appeared in AD No. 654 effective November 9, 2006.

4

7. Attachment A of Administrative Directive No. 654 provides the specific criteria for the individual laptops permitted by the directive.

8. Attachment A of Administrative Directive No. 654 requires wireless capability on patients' laptops to be removed either by the vendor or Information Technology.

9. Attachment A of Administrative Directive No. 654 requires that all other external ports be disabled on patients' laptops.

10. Administrative Directive No. 654 states: "Compact Disks (CDRW) will be available for Individual [sic] purchase in the Hospital Canteen. CDRWs will be indelibly marked with Individual's CSH number at the time of purchase. The canteen store is the designated vendor of Individual's CDRWs."

11. Due to contraband and operational problems, on February 28, 2007, the Patient Computer Technology Committee issued a memorandum explaining that there was an immediate moratorium, by order of the Executive Director, on the purchase of new laptop computers by patients.

12. The moratorium implemented on February 28, 2007, did not alter the policy for those who already owned personal laptop computers, such as Plaintiff.

13. The February 28, 2007 memorandum indicated that the CSH Administration would discuss the disposition of existing individual computers with the Patient Advisory Council for determination of further policy direction.

14. On February 27, 2008, Acting Executive Director Norm Kramer issued a memorandum that clarified the -current status of the Administrative Directive 654 laptop computer policy.

15. The February 27, 2008 memorandum explained that there will be no changes to the existing policy provided for in Administrative Directive 654 as the policy related to patients that currently own personal laptops.

16. The February 27, 2008 memorandum explained that the Department of Mental Health (DMH) and Coalinga State Hospital (CSH) are working on possible amendments to the laptop policy.

17. DMH and CSH are working on possible amendments to the laptop computer policy.

18. In March of 2008, at the direction of Acting Executive Director Norm Kramer, a committee was formed. The CSH committee consisted of CSH staff and CSH patient representatives.

19. The CSH committee formed by Norm Kramer was tasked with drafting proposed changes to the current computer policy.

20. CSH committee meetings were suspended when DMH notified CSH that it would be forming a statewide committee to develop a policy for all hospitals.

21. DMH has instructed CSH that no changes to local hospital computer policies should be made pending the outcome of the statewide policy.

22. Pending the outcome of the statewide policy, proposals to provide shared computers to the patients or otherwise revise the CSH policy have been suspended.

23. There is no current effort to confiscate existing personal laptop computers and return them to either the patient's individual property or relatives.

24. The statewide computer policy committee has met several times via teleconference.

25. The statewide computer policy committee is comprised of Information Technology professionals from each state hospital and DMH headquarters, DMH legal staff and Office of Patients Rights Representatives.

26. Office of Patients Rights Representative Michelle Mudgett has provided input at previous statewide computer policy committee meetings.

27. The CSH staff has provided copies of the existing policies and those proposed by CSH patients to the statewide policy committee meetings for review and consideration.

28. As of August 8, 2008, the statewide computer policy committee has not decided on a statewide computer policy nor has it taken steps to implement any such policy.

29. If any changes are to be implemented, the patients at CSH will be provided with sufficient notice to voice any concerns or objections to the policy change.

30. In Rhoden v. Mayberg, et al. E.D. Cal. Court Case No. 1:07-cv-01151-LJO DLB PC ("Rhoden"), a civil detainee housed at CSH filed a complaint alleging a violation of his Fourteenth Amendment Due Process Clause rights based on a claim CSH intends to confiscate his personal laptop computer.

31. On July 14, 2008, Magistrate Judge Dennis Beck recommended that <u>Rhoden</u> be dismissed for a lack of subject matter jurisdiction because the Plaintiff lacked standing and the matter was not ripe for review.

32. In <u>Rhoden</u>, DMH and CSH introduced evidence "stating that while amendments to the laptop policy are possible, there are no present efforts to confiscate existing personal laptop computers."

**IV.  Discussion**

This action is proceeding on Plaintiff's allegations against Defendants for relief for violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (Doc. 9.)  In his FAC, Plaintiff alleges that Defendants deprived him of due process related to the confiscation of his first computer for eight weeks. (Doc. 7, FAC, p.4:17-20, p.10:1-3.) Plaintiff also alleges a violation of due process concerning the confiscation of a software package without process afforded to challenge its confiscation. (<u>Id</u>. at p.7:8-16.)  Finally, Plaintiff alleges a violation of his due process rights relating to the imminent seizure of his second laptop computer.  Plaintiff seeks, <u>inter alia</u>, injunctive relief enjoining Defendants from "seizing, taking, confiscating, or otherwise removing plaintiff's and/or any other similarly situated individuals' computers, for any reason, unless 1.) The plaintiff has violated the the [sic] terms of the agreement. (AD #654), and 2.) Constitutionally adequate procedures are used." (<u>Id</u>. at p.15, ¶E.)

Upon review, Defendants' motion for summary judgment addresses only Plaintiff's allegations concerning the possible confiscation of Plaintiff's second laptop computer. Because the remainder of Plaintiff's due process claims as delineated above are not addressed by Defendants' motion, the Court will not consider them now and shall treat the motion as one for summary adjudication.

///
///
///
///
///

### A. Lack of Subject Matter Jurisdiction

Defendants contend that Plaintiff's request for injunctive relief should be dismissed for lack of subject matter jurisdiction, based on standing and ripeness grounds.

#### i. Standing

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III". Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992). At a bare minimum, standing requires that plaintiff "show that [he] suffered an injury in fact, there was a causal connection between the injury and the conduct complained of, and the injury is likely to be

redressed by a favorable decision." Davis v. Yageo Corp., 481 F.3d 661, 673 (9th Cir. 2007) (citing Lujan, at 560-61, 112 S.Ct. 2136). In a claim for injunctive relief, plaintiff bears the burden of showing an injury in fact, namely that the threatened future injury alleged in this action is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical". Id at 560, 112 S. Ct. 2136.

Defendants contend that Plaintiff's First Amended Complaint is based on conjecture regarding a plan to change the policy and remove all laptop computers by the end of 2007. Defendants submit evidence that there is a policy, Administrative Directive 654, which permits Plaintiff's ownership of his computer and submits evidence that Plaintiff owns a computer pursuant to that directive. (Undisputed Facts ("UF") 2, 4, 12, 14-15.) DMH has formed a statewide committee to develop a policy for all hospitals, those changes have not yet been decided, and there have been no steps taken to implement any such policy. (UF 21, 28.) CSH has been instructed by DMH that no changes to local computer policies should be made pending the outcome of the statewide policy. (UF 14, 21.) There is no current effort to confiscate existing personal laptop computers and return them to either the patient's individual property or relatives. (UF 23.) Therefore, Defendants contend that there is no actual or imminent threat of Plaintiff's computer being confiscated, and that Plaintiff cannot establish injury sufficient to confer standing.

The Court finds that Defendants have met their initial burden of informing the court of the bases for their motion, and identifying those portions of the record which they believe demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As stated above, in attempting to establish the existence of this factual dispute, Plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).

In opposition, Plaintiff contends that while Defendants now state that they have no immediate

plans to confiscate patient computers, once this and other suits and petitions filed in the courts on this issue have been dismissed, defendants "will once again do as they please...". (Doc. 42, pp.1:27-2:2.) First, arguments or contentions set forth in a responding brief do not constitute evidence. See Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence). Even if Plaintiff's opposition was verified, which it is not, the facts set forth in the verified complaint or opposition must be based on the plaintiff's personal knowledge of admissible evidence, and not merely on the inmate's belief. McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curium); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985); Fed. R. Civ. Pro. 56(e). Plaintiff's argument is mere conjecture. Because Plaintiff has not tendered any admissible evidence showing that the threatened future injury is actual or imminent, the Court finds that Plaintiff lacks standing to bring his request for injunctive relief.

    **ii. Ripeness**

Next, Defendants assert that the matter is not ripe for review. The ripeness doctrine is drawn from both the Article III limitations on judicial power and from prudential components. Nat'l Park Hospitality Ass'n v. Dep't of the Interior, 538 U.S. 803, 808, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003); Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 57 n. 18, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993). "Ripeness is peculiarly a question of timing...[I]ts basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agr. Products Co., 473 U.S. 568, 580, 105 S.Ct. 3325, 3332 (1985) (internal quotations and citations omitted). A claim is not ripe if it involves "contingent future events that may not occur as anticipated, or indeed may not occur at all." Id. 473 U.S. at 580-81, 105 S.Ct. 3325. The Court must assess "both the fitness of the issues for judicial decision, and the hardship to the parties of withholding court consideration." U.S. v. Streich, 560 F.3d. 926, 931 (9th Cir. 2009) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

  Defendants assert that Plaintiff's lawsuit stems from his belief that CSH intends to change its computer policy. (Doc. 35, p.5:12.) Defendants' evidence shows that CSH has been instructed that no changes to local hospital computer policies should be made pending the outcome of the statewide policy (UF 21.) The statewide computer policy committee has not yet decided on a

statewide computer policy. (UF 28.) Defendants therefore argue that it is not know whether the new policy will result in the removal of Plaintiff's computer or if Plaintiff will even disagree with the terms of the policy. (Doc. 35, p.5:15-17.) DMH has not completed its decision-making process and there is no effort to implement any statewide computer policy. (UF 28.) Therefore, Defendants argue that this action is premature. As for hardship to Plaintiff for postponing judicial review, Defendants state that patients at CSH will be provided sufficient notice to voice any concerns or objections to the policy change. (UF 29.) Defendants conclude that this matter is not ripe for review and therefore Plaintiff's request for injunctive relief should be dismissed.

The Court finds that Defendants have met their initial burden of informing the court of the bases for their motion, and identifying those portions of the record which they believe demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita, 475 U.S. at 586. As stated above, in attempting to establish the existence of this factual dispute, plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong, 474 F.2d at 749.

Plaintiff does not specifically address Defendants' argument regarding ripeness in his opposition. To the extent that Plaintiff is raising the same arguments as was made in opposition to Defendants' motion to dismiss for lack of standing, Plaintiff's argument must again fail, and for the same reasons. The issues raised by Plaintiff in his FAC and at issue in this motion are not yet fit for judicial decision. DMH has not completed its decision-making process, and as Defendants note, it is not yet clear how any future change in the policy will affect Plaintiff, and whether Plaintiff will object to the changes. Plaintiff's claim is premised upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." Thomas, 473 U.S. at 580-81. This matter is not ripe for review and therefore the Court finds that Defendants are entitled to dismissal of the demands for injunctive relief.

///

### B. Eleventh Amendment

Next, Defendants argue that Plaintiff has named them in their official capacities for both damages and injunctive relief. Defendants argue that Plaintiff's claims for damages in their official capacities are barred and that the claims for damages should be dismissed.

The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1988). Where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

In the instant case, Plaintiff clearly names Defendants in both their official and individual (personal) capacities. (Doc. 7, FAC, p.1:21-22.) Because a personal-capacity suit is necessarily implied where damage are sought against state officials, the Court recommends that Defendants' motion to dismiss Plaintiff's request for money damages as barred under the Eleventh Amendment be disregarded.[4]

///
///
///

---

[4] Plaintiff seeks money damages not only for the potential confiscation of his second laptop computer, but also for the confiscation of his first computer and software, claims not addressed in the instant motion. (Doc. 7, FAC, p.13, ¶¶1A - 1B.)

12

**C.    Failure to Allege Facts Sufficient to State a Claim and to Support a Demand for Injunctive Relief**

Finally, Defendants argue that there are no facts that demonstrate Plaintiff has been deprived of his computer or that he will be deprived of his computer in the foreseeable future. Defendants therefore conclude that until there is a new policy or until Defendants take any sort of action to implement a policy that deprives Plaintiff of his laptop, there is no deprivation to form a basis for a section 1983 action, and no fact sufficient to state a basis for injunctive relief. Finally, Defendants conclude that until there is a new policy established, there is nothing to review to determine whether the policy violates Plaintiff's Fourteenth Amendment rights.

Based on the Court's finding that it lacks subject matter jurisdiction over Plaintiff's claim regarding the potential confiscation of his second laptop computer, the Court declines to consider Defendants' further argument that Plaintiff fails to state a claim under section 1983 and fails to state a basis for injunctive relief.

**V.    Conclusion, Recommendations and Order**

Based on the foregoing analysis, the Court finds that Defendants' motion for summary adjudication, filed September 15, 2008, be GRANTED IN PART and DISREGARDED IN PART as follows:

1. Defendants' motion to dismiss Plaintiff's claims concerning the imminent confiscation of his second personal laptop computer for lack of subject matter jurisdiction, on both ripeness and lack-of-standing grounds, be GRANTED;

2. Defendants' motion to dismiss Plaintiff's claim for damages as barred under the Eleventh Amendment of the United States Constitution be DISREGARDED;

3. Defendants' motion to dismiss for Plaintiff's failure to state sufficient facts to state a claim under section 1983 or to support a demand for injunctive relief be DISREGARDED; and

4. This action proceed to trial only on Plaintiff's Fourteenth Amendment Due Process claims concerning the confiscation of Plaintiff's first computer and confiscation of Plaintiff's software purchases.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Finally, defendants Rogers and Mendoza have not yet filed an answer to Plaintiff's First Amended Complaint. Accordingly, Defendants Sharon Rogers and Sgt. Mendoza are HEREBY ORDERED to serve and file an answer within twenty (20) days of service of the order by the District Judge addressing these Findings and Recommendations.

IT IS SO ORDERED.

Dated:  **June 3, 2009**          /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE