# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS K. ROTROFF, | CASE NO. 1:06-CV-01419-LJO-DLB PC |
| Plaintiff, | ORDER TO SHOW CAUSE (DOCS. 59, 60, 61) |
| v. | RESPONSE DUE WITHIN 20 DAYS |
| JIM ROBINSON, et al., | |
| Defendants. | FINDINGS AND RECOMMENDATION RECOMMENDING MOTION FOR RECONSIDERATION BE DENIED (DOC. 60) |
| | OBJECTIONS DUE WITHIN 20 DAYS |

Plaintiff Denis K. Rotroff ("Plaintiff") is a civil detainee in the custody of the California Department of Mental Health ("DMH"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 5, 2010, the Court issued an order to show cause why the parties had failed to file any documents regarding a settlement in this action. Doc. 58. On October 19, 2010, Defendants filed their response. Doc. 59. On October 22, 2010, Plaintiff filed his response, as well as a motion for reconsideration of the Court's order granting Defendants' motion for summary judgment in part. Doc. 60. Plaintiff filed a supplement to this response on November 12, 2010. Doc. 61. The Court will first address the parties' responses to the order to show cause.

**I.    Order To Show Cause**

Defendants contend that the terms of the settlement were as follows: the DMH agreed to pay Plaintiff $300 to resolve all claims in this action. Defendants attached a copy of a receipt indicating that Plaintiff had received $300 to his checking account on October 20, 2009.

1

Pursuant to our order, defense counsel prepared a settlement agreement and dismissal of this action for Plaintiff to approve.

Plaintiff contends that he is no longer satisfied with the settlement agreement and does not wish to settle this action because his second laptop will be confiscated on November 4, 2010.[1]

The Court had granted Defendants' motion for summary judgment as to Plaintiff's claims regarding his second laptop. As of the filing of the first amended complaint, Plaintiff's claims regarding due process and his second laptop were not ripe for adjudication, and Plaintiff lacked standing to pursue that claim. The only claims in this action concerned due process claims for deprivation of Plaintiff's first laptop for eight weeks, and deprivation of his software programs. There are no claims regarding deprivation of Plaintiff's second laptop remaining in this action. It appears that Defendants have upheld their terms of the settlement by delivering $300 to Plaintiff. The Court will thus order the parties to show cause why this action should not be dismissed as settled.

## II. Plaintiff's Motion For Reconsideration

Plaintiff also moves for reconsideration of the Court's previous order which had granted Defendants' motion for summary judgment as to Plaintiff's claims regarding his second laptop. Doc. 46, Order Granting In Part Defs.' Mot. Summ J., filed July 21, 2009.

Applications for reconsideration require that the moving party show "what new or different facts or circumstances are claimed to exist . . . which were not shown upon such prior motion." L.R. 230(j)(3). A court may grant relief from an order for "mistake, inadvertence, surprise, or excusable neglect; . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The Court had granted Defendants' motion for summary judgment as to Plaintiff's claims regarding his second laptop. As stated previously, Plaintiff lacked standing for his claims

---

[1] Plaintiff had initially contended that he did not receive $300 in settlement. However, Plaintiff later declared that this was erroneous. Doc. 61.

2

regarding second laptop, and the claim was not ripe for adjudication.  Plaintiff presents no argument why the Court should reconsider Plaintiff's claims regarding his second laptop in this action.  Plaintiff's first amended complaint remains deficient as to ripeness and standing regarding the second laptop claim.  Whether the DMH deprives Plaintiff of his second laptop is not a claim in this action.  Accordingly, it is recommended that Plaintiff's motion for reconsideration be denied.

### III.     Conclusion

Accordingly, based on the foregoing, it is HEREBY ORDERED that Plaintiff and Defendants are to show cause within **twenty (20) days** why this action should not be dismissed as settled.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for reconsideration should be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty(20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 2, 2010**                        /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE