# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS K. ROTROFF, | CASE NO. 1:06-CV-01419-LJO-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO RESPOND WITHIN THIRTY (30) DAYS |
| v. | |
| JIM ROBINSON, et al., | |
| Defendants. | |

Plaintiff Denis K. Rotroff ("Plaintiff") is a civil detainee in the custody of the California Department of Mental Health.  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Jim Robinson, Chuck Rabaut, Lt. Rogers, Sergeant Mendoza, Ben McClain, and G. Dieke for violation of the Due Process Clause of the Fourteenth Amendment.  A settlement conference was held on October 6, 2009, in which the parties agreed to reach a settlement agreement.  Almost a year passed without dispositional documents being filed with the Court.  On October 5, 2010, the Court issued an order to show cause why this action should not be dismissed.  Doc. 58.

On October 19, 2010, Defendants filed their response.  Doc. 59.  Defendants contend that they complied with the terms of the settlement agreement.  Defendants agreed to deposit $300.00 in Plaintiff's trust account, and Plaintiff agreed to dismiss this action with prejudice.  The only claim in this action as of the date of the settlement was a due process violation for the deprivation of Plaintiff's first laptop.  *See* Order Adopting Findings and Recommendations, filed July 21, 2009, Doc. 46; Findings and Recommendations, filed June 4, 2009, Doc. 44.  Defendants'

1  counsel agreed to forward the terms of the settlement agreement to Plaintiff and assist Plaintiff in
2  filing the agreement and dismissing this action.  Defendants's counsel contends that the
3  settlement agreement was transmitted to Plaintiff for review on November 12, 2010, but that
4  Defendants' counsel never received a response.  Defs.' Response, filed December 7, 2010, Doc.
5  63.

6       On October 22, 2010, Plaintiff filed his response.  Doc. 60.  Plaintiff contends that he no
7  longer wished to agree to the settlement.  Plaintiff contends that Defendants were in the process
8  of depriving Plaintiff of Plaintiff's second laptop.  The Court had dismissed this claim for lack of
9  standing and ripeness.  *See* Order Adopting Findings and Recommendations, filed July 21, 2009,
10  Doc. 46; Findings and Recommendations, filed June 4, 2009, Doc. 44.  Plaintiff moved for
11  reconsideration of the Court's July 21, 2009 Order.

12       On January 31, 2011, Plaintiff's motion for reconsideration was denied.  *See* Order
13  Adopting Findings and Recommendations, filed January 31, 2011, Doc. 64; Findings and
14  Recommendations, filed December 3, 2010, Doc. 62.  Thus, the only remaining claim in this
15  action was for deprivation of Plaintiff's first laptop.  Neither party disputes that Plaintiff has
16  received $300.00 from Defendants.  Docs. 59, 61.

17       Having reviewed the entire record in this action, the Court finds that Defendants have
18  demonstrated that they complied with the terms of the settlement agreement, but Plaintiff has not.
19  There is no reason for this action to not be settled.  The Court will thus order Plaintiff to submit
20  the signed stipulation of dismissal of this action within **thirty (30) days** from the date of service
21  of this order.  If Plaintiff fails to comply, Defendants will be required to file a motion if they wish
22  enforcement of the settlement agreement.  If Plaintiff fails to comply with this order, Plaintiff
23  may be sanctioned for bad faith conduct.

24     IT IS SO ORDERED.

25     **Dated:   February 4, 2011**                  **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE
26
27
28